IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRYANT JOHNSON,                             :    Civil No. 3:19-CV-2101
                                            :
    Petitioner,                             :    (Judge Mariani)
                                            :
v.                                          :
                                            :
KEVIN RANSOM, SUPERINTENDENT, et al.,:
                                            :
    Respondents.                            :

## MEMORANDUM

Presently before the Court is *pro se* Petitioner Bryant Johnson's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and a motion to amend his petition. (Docs. 1 and 4.) Johnson, who is presently housed at the Albion State Correctional Institution ("SCI–Albion"), in Albion, Pennsylvania, has paid the filing fee in this matter. For the following reasons, the Court will summarily dismiss Johnson's petition for habeas corpus (Doc. 1) without prejudice to his right to pursue his conditions of confinement and retaliation claim in a properly filed civil rights action. His motion to amend his petition (Doc. 4) will be denied as moot.

### I.  Background

On December 6, 2016, in the Philadelphia Court of Common Pleas, Pennsylvania, Johnson plead nolo contendere to robbery involving the threat of intentionally putting the

victim in fear of immediate serious bodily injury. (Doc. 1 at 1.) He was sentenced before the Philadelphia Court of Common Pleas to a term of five to ten years' imprisonment. (*Id.*)

In his petition, Johnson claims "he was retaliated against by the D.O.C. for complaining to Gov. Tom Wolf for the time delay S.C.I. Albion C-Block Unit Team was taking to process" his request for a promotional transfer to an institution closer to his Philadelphia home. (*Id.* at 7.) Johnson, who was housed at SCI-Dallas when he filed his petition, claims his transfer from SCI-Albion to SCI-Dallas was a "demotional" or punitive in nature. (*Id.*) Johnson argues SCI–Dallas is unsafe, and that staff are "racist." (*Id.*) While housed at SCI-Dallas his property was stolen and staff placed him in the level five housing unit without cause, and his grievances were never answered. (*Id.* at 7 – 8.) He contends his "civil rights clearly have and are being violated by S.C.I. Dallas, Supt., et al. to date." At the time Johnson was "awaiting a demotional transfer back to S.C.I. Albion; please have me transferred A.S.A.P. out of Dallas as [he] fears for his life in Dallas [and ] K-Block." (*Id.* at 9.)

Johnson's motion to amend his petition seeks to include claims related to his "Due Process and Double Jeopardy" claims related to his placement in SCI–Dallas' level five housing unit. (Doc. 4.)

## II.   Standard of Review

This matter is before the Court for screening. *See* 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides in

2

pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Federal law provides two main avenues of relief to incarcerated persons: a petition for writ of habeas corpus and a civil-rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose of effect." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 750. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542.

## III.   Discussion

Simply put, Johnson's claims are not cognizable in habeas. Instead of challenging the fact or duration of his confinement, Johnson challenges his conditions of confinement following his transfer to SCI-Dallas. He does not claim that his judgment of conviction was

3

invalid or that he is being confined in prison unlawfully because of that conviction. Rather, Johnson claims prison officials transferred him to a less desirable facility in retaliation for his challenge to SCI-Albion's delay in granting him a promotional transfer and challenge to his conditions of confinement while housed at SCI–Dallas. His claims do not lie at the "core of habeas" as they do not challenge the fact or length of a sentence of confinement. Therefore, they are not cognizable in habeas. *See Preiser*, 411 U.S. at 500; *see also Leamer*, 288 F.3d at 542-44. If Johnson seeks to challenge his retaliatory transfer and conditions of confinement at SCI-Dallas, he may do so by filing civil rights action pursuant to 42 U.S.C. § 1983.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability (COA), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of

4

the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In the instant matter, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, a certificate of appealability shall not issue.

## V.     Conclusion

Based on the above, the Court will dismiss the petition for writ of habeas corpus filed without prejudice to any right Johnson may have to reassert his claims in a properly filed civil rights complaint. His motion to amend will be denied. A certificate of appealability will not issue. An appropriate order follows.

Robert D. Mariani
United States District Court Judge

Dated: November 17, 2020